[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14685
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-60085-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PANCHRIAL LARUE JENKINS,
a.k.a. Pancho,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Panchrial Larue Jenkins appeals his sentence to 108 months of imprisonment

for conspiracy to possess with intent to distribute cocaine hydrochloride. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Jenkins challenges his classification as a career offender. We affirm.

The presentence investigation report identified Jenkins as a career offender. See United States Sentencing Guideline § 4B1.1(a) (Nov. 2002). The report stated that Jenkins had been convicted in March 1991 of burglary of a dwelling and in May 2005 of selling or delivering cocaine. With a total offense level of 29 and a criminal history of IV, the report provided a guideline range between 151 and 188 months of imprisonment.

Jenkins objected to his treatment as a career offender. Jenkins argued that his conviction for burglary did not qualify as a predicate offense because, after his conviction, he was denied counsel at a hearing to revoke his controlled release. The record established that Jenkins had requested, but had been denied, counsel for his revocation hearing. Jenkins admitted that he had violated the terms of his controlled release and had been reincarcerated.

The district court sentenced Jenkins as a career offender. At Jenkins's request, the district court varied downward from the guideline range. The district court sentenced Jenkins to 108 months of imprisonment and 3 years of supervised release.

Jenkins argues that the district court could not rely on his burglary conviction to classify him as a career offender, but we disagree. Jenkins failed to present any evidence that his conviction for burglary was obtained in violation of his right to counsel. Jenkins's argument about the later revocation of his controlled release is beside the point. Jenkins argues that is entitled to relief based on Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764 (2002), but in Shelton, the defendant was denied counsel for his underlying conviction. Moreover, a probationer is not entitled to counsel at a revocation proceeding unless he presents a "timely and colorable claim" that he is innocent of the violations charged or counsel is needed to "develop or present" a defense. Gagnon v. Scarpelli, 411 U.S. 778, 791, 93 S. Ct. 1756, 1764 (1973). The district court did not err by sentencing Jenkins as a career offender.

Jenkins's conviction and sentence are **AFFIRMED**.